IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HERITAGE AUCTIONS, INC. d/b/a | * | |
| HERITAGE AUCTION GALLERIES, | * | |
| PLAINTIFF, | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. |
| | * | 3-10-CV-0482-0 |
| BENSON HOPP, HENRY V. VACCARO, | * | |
| VINTAGE ASSOCIATES LLC, and | * | |
| UNITED STATES OF AMERICA | * | |
| (INTERNAL REVENUE SERVICE), | * | |
| DEFENDANTS. | * | |

## UNITED STATES' ORIGINAL ANSWER

Defendant United States of America, sued as Internal Revenue Service, files this answer to Plaintiff Heritage's Complaint in Interpleader ("the Complaint"), as follows:

No response is required to the Preliminary Statement of the Complaint, but lacks knowledge of the specific allegations, except admits that it sued the United States (Internal Revenue Service) and the other defendants.

1-4.   Lacks knowledge of the allegations of paragraphs 1-4 of the Complaint.

5.   Admits the allegations of paragraph 5 of the Complaint.

6.   In response to paragraph 6 of the Complaint, the United States does not contest the Court's jurisdiction over this action.

7.   In response to paragraph 7 of the Complaint, the United States does not contest venue in the Northern District of Texas.

8.   In response to paragraph 8 of the Complaint, the United States does not contest personal jurisdiction over the defendants.

9-13.   Lacks knowledge of the allegations of paragraphs 9-13 of the Complaint.

14.   On information and belief, admits the allegations of paragraph 14 of the Complaint.

15-19.   Lacks knowledge of the allegations of paragraphs 15-19 of the Complaint.

20.   In response to the allegations of paragraph 20 of the Complaint, admits that Heritage did not collude with the IRS, but lacks knowledge of the remainder of the allegations of this paragraph.

21.   On information and belief, admits paragraph 21 of the Complaint.

22.   In response to paragraph 22 of the Complaint, denies that Heritage is entitled to recover its attorneys' fees or costs out of any property impressed with a federal tax lien or as to which the United States has a superior interest.  See Spinks v. Jones, 499 F.2d 339, 340 (5th Cir. 1974).

23.   Any allegation of the Complaint not specifically responded to above is hereby denied.

24.   For further answer, the United States should recover the interpled property or value of the interpled property to apply to any federal tax debt of Henry V. Vaccaro, Sr.

For these reasons, the Court should adjudicate the Complaint in accordance with the foregoing, award judgment in favor of the United States, and other appropriate relief.

JAMES T. JACKS
United States Attorney

*/s/ Ramona S. Notinger*
RAMONA S. NOTINGER
Ramona.S.Notinger@usdoj.gov
Texas Bar No. 19158900
U.S. Department of Justice, Tax Division
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9766 fax: (214) 880-9742

ATTORNEYS FOR THE UNITED STATES

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by the ECF-system on May 4, 2010 to:

Samuel E. Joyner, Esq.
Gardere Wynne Sewell LLP
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201-4761

*/s/   Ramona S. Notinger*
RAMONA S. NOTINGER