IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HERITAGE AUCTIONS, INC., § <br> d/b/a/ HERITAGE AUCTION GALLERIES, § <br> § <br> Plaintiff, § <br> § <br> VS. § <br> § <br> BENSON HOPP ET AL. § <br> § <br> Defendants. § | Civil Action No. 3:10-cv-0482 |

THIRD PARTY COMPLAINT

TO THE HONORABLE U.S. DISTRICT JUDGE:

Defendant/Third Party Plaintiff Benson Hopp files this Third Party Complaint as follows:

PRELIMINARY STATEMENT

On March 9, 2010, Plaintiff Heritage Auctions, Inc., d/b/a Heritage Auction Galleries ("Heritage") filed a Complaint in Interpleader against Defendants Benson Hopp ("Hopp"), Henry V. Vaccaro ("Vaccaro"), Vintage Associates, LLC ("Vintage"), and Internal Revenue Service ("IRS"), pursuant to 28 USC § 1335.  Heritage alleges that in August 2009, Hopp contracted with Heritage to sell a collection of Michael Jackson memorabilia ("Jackson Lots") on consignment.  In November 2009, all but one of the Jackson Lots sold at auction.  Heritage learned of rival claims to the Jackson Lots by Defendants Vintage, Vaccaro, and IRS, and subsequently withheld delivery of the lots to the successful bidders and refunded their money.

Heritage subsequently filed this Interpleader action seeking, among other relief, that it be released and discharged from all liability to those claiming ownership of the Jackson Lots. Vintage, Vaccaro, and IRS have asserted that they – not Hopp – are the rightful owners of the Jackson Lots.  Accordingly, Hopp impleads the third party defendants named herein to indemnify

1

him for his loss in the event Hopp fails to recover his lawful ownership of the memorabilia and/or is held liable to one of the other parties for any or all of their claims.

## THIRD PARTY DEFENDANTS

Third Party Defendant Mario Trabado is an individual citizen of the State of Nevada who, on information and belief, resides in Clark County, Nevada. He may be served at 2512 Abels Lane, Las Vegas, Nevada 89115, or such other location as he may be found.

Third Party Defendant Clark County Public Auctions is an unincorporated association having its principal place of business in Clark County, Nevada. It may be served at 2512 Abels Lane, Las Vegas, Nevada 89115.

Third Party Defendant Abels Lane, LLC is a Nevada Limited Liability Company having its principal place of business in Clark County, Nevada. It may be served through its registered agent Mario Trabado at 2512 Abels Lane, Las Vegas, Nevada 89115.

Mario Trabado, Clark County Public Auction, and Abels Lane, LLC are hereinafter referred to as "Clark County Defendants."

Third Party Defendant Southern Nevada Movers, Inc. ("Southern Nevada Movers") is a Nevada corporation having its principal place of business in Clark County, Nevada. It may be served through its registered agent Jeffrey Lippincott, II at 1037 E. Colton Avenue, North Las Vegas, Nevada 89030.

The identities of the other parties to this cause are set forth in Heritage's Complaint in Interpleader (ECF 1), and the Third Party Complaint of Vintage Associates LLC (ECF 24), and are incorporated herein solely for the purposes of identifying the parties.

## JURISDICTION AND VENUE

This Court has jurisdiction over Heritage's Complaint in Interpleader pursuant to 28 USC § 1335. This is a civil action for Interpleader or in the nature of Interpleader. Heritage had in its custody or possession property valued in excess of $500, and there are two or more adverse claimants of diverse citizenship who are claiming or may claim to be entitled to the property. Heritage deposited such property into the registry of this Court, there to abide by the judgment of the Court.

This Court has personal jurisdiction over the Clark County Defendants and Southern Nevada Movers named herein pursuant to 28 USC § 2361, which provides that in any civil action of interpleader or in the nature of interpleader brought under 28 USC § 1335, a district court may issue process for all claimants and enter an order restraining them from instituting or prosecuting any federal or state court proceeding affecting the property involved in the interpleader action. This Court also has personal jurisdiction over Southern Nevada Movers and the Clark County Defendants because they had continuous and systematic contacts with the Northern Judicial District of Texas.

Venue is proper in this Court pursuant to 28 USC § 1397, which provides that any civil action of interpleader or in the nature of interpleader brought under 28 USC § 1335 may be brought in the judicial district in which one or more of the claimants reside.

## FACTUAL BACKGROUND

On March 9, 2010, Heritage filed its Complaint in Interpleader seeking a determination of the ownership of several lots of memorabilia that at one time belonged to the late entertainer Michael Jackson ("Jackson Lots') which Hopp consigned to Heritage for auction. The Jackson Lots were consigned to Heritage for auction by defendant Hopp. Hopp purchased the Jackson Lots

on July 26, 2009 at a public auction held by Clark County Public Auction, an unincorporated business entity which is, on information and belief, a subsidiary of Abels Lane, LLC, a Nevada limited liability company, owned and managed by Mario Trabado. At all material times, Mario Trabado was acting in concert with or under the direction of Clark County Public Auctions and Abels Lane, LLC. Southern Nevada Movers sold or otherwise conveyed the Jackson Lots to one or more of the Clark County Defendants.

Prior to the auction at Heritage, Defendant Vaccaro filed a police report with the North Las Vegas Police Department in which he alleged that he was the rightful owner of the Jackson Lots and that the Jackson Lots had been stolen from a storage unit at the Southern Nevada Movers facility. Defendants Vaccaro and Vintage have asserted that they are the rightful owners of the Jackson Lots and seek title to the Jackson Lots in this litigation.

## COUNT ONE: BREACH OF CONTRACT

The preceding paragraphs are incorporated herein by reference as if set forth verbatim.

Hopp agreed to purchase the Jackson Lots from the Clark County Defendants for $23,293.20 on or about July 26, 2009. The Clark County Defendants breached the agreement by delivering the Jackson Lots to Hopp when they did not have title to the Jackson Lots.[1] Hopp subsequently sold the Jackson Lots at auction with Heritage for $62,660.00; however, these funds were not disbursed to him due to the competing claims to ownership by the other Defendants.

Accordingly, Hopp seeks damages of $62,660.00, prejudgment interest on the foregoing sums at the maximum rate allowed by law, post-judgment interest on the judgment until paid in accordance with law, and taxable costs of court.

---

[1] Hopp asserts that he does, in fact, have valid title to the Jackson Lots. This Third Party Complaint is plead in the alternative in the event that title to the Jackson Lots is awarded to another party.

4

## COUNT TWO: BREACH OF WARRANTY OF TITLE

The preceding paragraphs are incorporated herein by reference as if set forth verbatim.

Both the Nevada and Texas provisions of the Uniform Commercial Code (UCC) provide that "there is in a contract for sale a warranty by the seller that (1) the title conveyed shall be good, and its transfer rightful; and (2) the goods shall be delivered free from any security interest or other lien or encumbrance of which the buyer at the time of contracting has no knowledge."[2]

The Southern Nevada Movers and the Clark County Defendants are sellers who breached the warranty of title to Hopp by failing to convey good and rightful title to the Jackson Lots, and that was also free from a security interest, lien, or other encumbrance of which Hopp at the time of contracting had no knowledge.

Accordingly, Hopp seeks $62,660.00, prejudgment interest on the foregoing sums at the maximum rate allowed by law, post-judgment interest on the judgment until paid in accordance with law, and taxable costs of court.

## COUNT THREE: DECEPTIVE TRADE PRACTICES ACT ("DTPA")

The preceding paragraphs are incorporated herein by reference as if set forth verbatim.

Southern Nevada Movers and the Clark County Defendants violated the Texas and Nevada Deceptive Trade Practices Act ("DTPA") by breaching the warranty of good title, and knowingly making false representations in a transaction regarding the status of the Jackson Lots, title to the Jackson Lots, their right to sell the Jackson Lots, and the source of the Jackson Lots. NEV. REV. STAT. 598.0915; TEX. BUS. & COM. CODE §17.41 *et seq*. Hopp is a consumer as defined by the DTPA. Southern Nevada Movers and the Clark County Defendants are persons who may be sued under the DTPA. As a result of their conduct in violation of the DTPA, Hopp suffered damages in excess of $62,660.00. Hopp is entitled to recover three times his damages for a knowing violation

---

[2] Nevada Revised Statutes 104.2312; Tex. Bus & Comm. Code § 2.312.

of the DTPA plus his attorneys' fees under the DTPA.

## CLAIM FOR ATTORNEYS' FEES AND EXPENSES

Hopp seeks recovery of his reasonable attorneys' fees and expenses incurred in the prosecution of this matter and any and all appeals therefrom.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Hopp prays that Southern Nevada Movers and the Clark County Defendants be cited to appear and answer herein, and that upon final hearing hereof, he recover judgment against Southern Nevada Movers and the Clark County Defendants for his actual damages, together with prejudgment and post-judgment interest at the maximum rate allowed by law, reasonable attorneys' fees and expenses, costs of court, and such other and further relief, at law or in equity, to which he may be justly entitled.

Respectfully Submitted,


By: /s/ Steven E. Clark
**STEVEN E. CLARK**
Texas State Bar No. 04294800
**ZAC DUFFY**
Texas State Bar No.  24059697

**KENNEDY CLARK & WILLIAMS, PC**
1700 Pacific Ave., Suite 1280
Dallas, Texas 75201
Tel.:  (214) 979-1122
Fax:  (214) 979-1123

Attorneys for Benson Hopp

## CERTIFICATE OF SERVICE

On March 2, 2011, I electronically submitted the foregoing document to the Clerk of the U.S. District Court, Northern District of Texas, using the electronic case filing system of said Court.  I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Zac Duffy*
Zac Duffy